## NEAL v. NEAL.

GILBERT, J. 1. The verdict and decree being against the prayer for cancellation, it is useless to pass upon the special grounds of the motion for a new trial, which complain of rulings adverse to movant on that issue. Likewise it is useless to rule upon the same issue raised by demurrer and exception preserved.

2. The petition was sufficient to set out a cause of action for some equitable relief. The general demurrer to the petition as a whole was properly overruled.

3. The deed conveys a fee-simple title to the grantee named therein, reserving to the grantor during his natural life " a reasonable support " out of the property. Where the grantee in such deed takes and retains possession of the property and the rents and profits arising therefrom, said grantee is bound to account for such " reasonable support " during the life of the grantor, so long as the grantee retains such possession.

4. Where, as in this case, according to the undisputed evidence, the grantor and the grantee were husband and wife living together as such on the land, cultivating it as a farm and using the personal property as incident thereto, under the terms of the deed the grantee was not obligated to retain possession of the property, to manage the same, and to account for the reasonable support of the husband out of the rents and profits; but if the grantee did retain exclusive possession and management of such property and did retain the rents and profits arising therefrom, she is bound to account to the grantor out of the proceeds for a reasonable support according to the terms of the conveyance.

5. Applying the principles announced above, the evidence authorized the verdict and judgment against the defendant and in favor of the plaintiff for the sum of $400, less $50 paid by the defendant as a support for the year 1920. The judgment overruling the motion for a new trial will be affirmed, with direction that the decree be reformed by striking therefrom all portions except for a money judgment such as we have held to be authorized by the evidence.

*Judgment affirmed, with direction. All the Justices concur.*

No. 2915. APRIL 14, 1922.

Cancellation, etc. Before Judge Shurley. Glascock superior court. September 21, 1921.

The petition alleged, in substance, that petitioner, D. H. Neal,

is seventy years old and defendant, Josie B. Neal, his wife, is thirty-five; that after the death of petitioner's first wife he became addicted to the excessive use of intoxicants; that subsequently to his marriage to defendant he endeavored, upon advice of his physician, to discontinue the use of whisky, his health and mental faculties having become greatly impaired; that, notwithstanding the advice of the physician and his endeavors in this direction, the defendant would order and keep in their home and offer and give liquor to him; that during this time she was continually persuading petitioner to convey to her his property; that on May 17, 1915, the defendant gave to petitioner, immediately after he arose, a large drink of whisky, and shortly thereafter carried him to Gibson, Ga., the defendant driving the horse; that before leaving their home defendant offered petitioner one or more drinks, which he drank; that on said date, being powerless, because of his weakened and enfeebled condition, to resist the importunities of defendant, petitioner yielded and did make a deed conveying to the defendant a described tract of land containing some 125 acres, and personal property of the value of approximately $1000, but containing the provision that " It is understood that I am to have a reasonable support out of my estate during my natural life;" that at the time of the execution of this deed, because of the weakened condition above described, and his intoxication, which the defendant was instrumental in producing, he was incapacitated to make a free and voluntary disposition of his property; that immediately afterward the defendant began to abuse and mistreat petitioner, and finally, in September, 1919, moved from his room and refused to continue the marital relation; that in December, 1919, being unable to endure her treatment, he removed from the place and has not lived with her since; that subsequently to the making of the deed above described the defendant encumbered the property by a deed to secure a loan of $1500; that she had paid no part of this loan; that she was incurring other liabilities; and that he had an interest in the land to the extent of his support. The prayers were, that the deed made by petitioner be delivered up and canceled, and that his title to the property be re-established; that he have a decree fixing for himself a fair proportion of the rents and profits of the land and personal property for his support; that a receiver be appointed for said property, with direction to impound the proceeds,

less a reasonable support for himself and the defendant, for the purpose of discharging the encumbrance placed upon the property by defendant; that defendant be enjoined from disposing of the income from said property, except for the reasonable support of herself and petitioner, the same to be applied to the discharge of the encumbrance; and for general relief.

The defendant demurred to the petition, upon the grounds (*a*) that it does not allege that petitioner had tendered back to defendant the benefits he received under the deed which he seeks to have canceled, and he is therefore seeking the aid of a court of equity without offering to do equity, and his petition should be dismissed; and that the allegations of the petition show that since executing and delivering the deed he has ratified the same, and therefore has no legal or equitable cause for its cancellation; (*b*) that petitioner has an adequate remedy at law; (*c*) that the facts alleged do not warrant the granting of injunction and appointment of receiver as prayed. These demurrers were overruled, and error is assigned upon exceptions taken pendente lite.

The trial of the case resulted in the finding by the jury that the deed should not be canceled; that from the income from the property petitioner should receive $400 per year from February 1, 1920, less $50 which had been paid since February 1, 1920. The court entered a decree. A motion for new trial filed by the defendant was overruled, and she excepted.

*L. D. McGregor,* for plaintiff in error.

*E. P. & J. Cecil Davis,* contra.